UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. BANCORP EQUIPMENT FINANCE, INC. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-10944 |
| LOEWS EXPRESS L.L.C., ET AL. | * | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Plaintiff U.S. Bancorp Equipment Finance, Inc.'s Motion to Establish Amount of Attorney's Fees, Costs, and Expenses Due (Rec. Doc. 23), as contemplated by the Court's Judgment dated January 17, 2008. For the following reasons, the Plaintiff's motion is now GRANTED IN PART and DENIED IN PART such that the Plaintiff will be awarded $41,624.36 in attorney's fees, costs, and expenses.

**I.   BACKGROUND**

The facts of this case are set forth in the Court's prior Order & Reasons dated January 9, 2008, and will not be repeated here. *See U.S. Bancorp Equip. Fin., Inc. v. Loews Express L.L.C.*, No. 06-10944, 2008 WL 108666 (E.D. La. Jan. 9, 2008). For purposes of the instant motion, it will suffice to say that the Court has already granted summary judgment in favor of the Plaintiff and against the Defendants for amounts due under certain leases. The sole issue remaining in this case is the appropriate amount of attorney's fees, costs, and expenses which the Plaintiff is entitled to recover from the Defendants.

**II.   LAW & ANALYSIS**

In the present motion, the Plaintiff seeks to recover $41,624.36 in attorney's fees, costs, and expenses incurred in relation both to the above-captioned case against the Defendants and to a prior related case against the same parties. *See U.S. Bancorp Equipment Finance, Inc. v.*

*Loews Express, L.L.C., et al.*, No. 06-1738 (E.D. La. filed Mar. 31, 2006).  The motion was set for hearing on February 13, 2008, without oral argument, and no response has been filed by the Defendants.

The Defendants' liability for attorneys' fees, costs, and expenses is undisputed.  Pursuant to the guaranty agreements in this case, the guarantor Defendants agreed to pay the Plaintiff all attorney's fees, costs, and expenses it incurred in enforcing its rights under the leases and guaranty agreements.  *See* Pl.'s Summ. J. Mot. Ex. A-6 & A-13 (Rec. Docs. 16-10 & 16-17).  The Court also notes that the underlying leases in this case provide that the Plaintiff is entitled to payment from the principal obligor of attorney's fees and costs incurred as a result of enforcing its rights under the leases.  *See* Pl.'s Summ. J. Mot. Ex. A-1 & A-8 (Rec. Docs. 16-5 & 16-12).

Moreover, the Court concludes that the Plaintiff's requested fees, costs, and expenses are reasonable.  The Plaintiff has submitted contemporaneous time and billing records demonstrating that it has incurred $40,124.36 in attorney's fees, costs, and expenses associated with these matters though December 10, 2007, and that it will incur an additional $1,500.00 in connection with the instant motion, for a total of $41,624.36.  The Court has thoroughly reviewed these submissions and finds that the requested fees and costs are reasonable.  *See, e.g., Gibson v. Burns*, 505 So. 2d 66, 69 (La. Ct. App. 1987) ("Article 2000 authorizes a valid contract for attorney fees and the courts should not interfere with that contract unless there is a 'clearly excessive fee' involved.").  In its motion, however, the Plaintiff also seeks to reserve the right to seek additional fees and costs incurred in the future.  In the interest of finality, the Court will not allow any additional fees or costs to be recovered.

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Establish Amount of Attorney's Fees, Costs, and Expenses Due (Rec. Doc. 23) is GRANTED IN PART and DENIED IN PART such that the Plaintiff is entitled to recover $41,624.36 in attorney's fees, costs, and expenses from the Defendants.

New Orleans, Louisiana, this 10th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE